# United States Court of Appeals
## For the First Circuit

No. 12-1850

LINDA ANN IRVING

Plaintiff - Appellant

v.

TOWN OF CAMDEN, ET AL.

Defendants - Appellees

Before
Lynch, Chief Judge,
Torruella and Howard,
Circuit Judges.

JUDGMENT
Entered: April 17, 2013

Plaintiff Linda Ann Irving brought a pro se, civil rights action against the town of Camden, Maine and two municipal officials, complaining about the manner in which a residential burglary had been investigated. In February 2012, this court affirmed an award of summary judgment for defendants. Following that appeal, plaintiff moved in district court for relief under Fed. R. Civ. P. 60 and for recusal, while defendants sought an award of attorney's fees. The district court denied plaintiff's two requests but granted the relief sought by defendants. Plaintiff now appeals from all three rulings.

The first two matters require little comment. The district court did not abuse its discretion in denying Rule 60 relief and in declining to recuse itself. Plaintiff accuses defendants, and to some extent the court itself, of misstating her claims, misrepresenting the facts, and "obfuscating" the issues. She focuses on the "fraud on the court" provision in Rule 60(d)(3). This requires "an unconscionable scheme or the most egregious conduct designed to corrupt the judicial process," Roger Edwards, LLC v. Fiddes & Son Ltd., 427 F.3d 129, 133 (1st Cir. 2005) (internal quotation marks omitted)--behavior that is not remotely involved here. Nor has plaintiff shown the "kind of litigation-related fraud that principally concerns Rule 60(b)(3)'s fraud provision." Id. at 134. Indeed, the matter about which she principally complains in this regard--defendants' failure to recognize that a due process claim had been deleted from the second amended complaint--was brought to the court's attention well before its summary judgment ruling. In turn, the court's refusal to recuse itself cannot be faulted, given plaintiff's failure to establish "a reasonable basis for doubting the judge's impartiality" as seen from the eyes of "an objective, knowledgeable member of the public." In re Vazquez-Botet, 464 F.3d 54, 59 (1st Cir. 2006) (internal quotation marks omitted).

The award of attorney's fees presents a closer issue. In a civil rights action, the district court "may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b); see also Fed. R. Civ. P. 54(d)(2). In this context, "fee-shifting in favor of a prevailing plaintiff is the rule, whereas fee-shifting in favor of a prevailing defendant is the exception." Casa Marie Hogar Geriatrico, Inc. v. Rivera-Santos, 38 F.3d 615, 618 (1st Cir. 1994). A court may award fees to a prevailing defendant only upon a finding that "the plaintiff's action was frivolous, unreasonable, or without foundation." Torres-Santiago v. Municipality of Adjuntas, 693 F.3d 230, 234 (1st Cir. 2012) (internal quotation marks omitted); accord, e.g., Hensley v. Eckerhart, 461 U.S. 424, 429 n.2 (1983) ("only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant"). "[F]ees also may be awarded on rare occasions where the plaintiff continued to litigate after the claims clearly became frivolous." Lamboy-Ortiz v. Ortiz-Velez, 630 F.3d 228, 241 (1st Cir. 2010) (internal quotation marks, brackets and emphasis deleted). A suit's reasonableness should be evaluated "at the time the complaint was filed," Torres-Santiago, 693 F.3d at 234-35, rather than assessed with "hindsight logic" based on the suit's "ultimate failure," id. at 234 (internal quotation marks omitted). "We review fee awards for abuse of discretion ..., reversing only if we are left with a definite and firm conviction that the court below committed a clear error of judgment." Lamboy-Ortiz, 630 F.3d at 236 (internal quotation marks omitted).

Defendants submitted a fees request in the amount of $36,990, reflecting 205.5 hours of legal work in district court compensated at the rate of $180 per hour. The district court determined that this was the rare case in which a fees award to prevailing defendants was appropriate--concluding that the action had been a "vexatious" effort "to harass or embarrass." In turn, since plaintiff had not cited any relevant financial incapacity and had not challenged the amount of fees sought, the court awarded to defendants the full amount requested.

While we might have reached a different result were we addressing the matter de novo, we cannot say that the district court abused its discretion in so ruling. Plaintiff advanced two principal theories of recovery--alleging that defendants (1) stonewalled the criminal investigation in retaliation for her criticisms of their performance, in violation of the First Amendment, and (2) selectively enforced procedures involving the filing of police complaints, in violation of equal protection. Both claims, as we explained in the earlier appeal, were plainly untenable. The first relied on a frivolous contention that an investigating officer conducted a third-party interview in a manner designed to chill plaintiff's First Amendment rights. And the second claim failed, inter alia, because plaintiff was neither similarly situated to nor treated differently than other individuals who had filed police complaints in recent years.

Plaintiff has not cited any relevant financial incapacity on her part. She has not disputed the hourly rate charged by defense counsel. Nor has she meaningfully disputed the number of hours claimed.[1] Accordingly, we uphold the award in full.

Affirmed. Plaintiff's renewed motion to stay execution and her request for sanctions are denied.

---

[1] Plaintiff does accuse defense counsel of wasting time by addressing a "non-existent" issue: a due process claim that she initially raised but later dropped. To the extent plaintiff is so requesting, we see no basis for reducing the fees award for this reason. Her second amended complaint could still have been construed as advancing a due-process-related theory of recovery. And defendants devoted only a small portion of their summary judgment memorandum to this issue.

By the Court:

/s/ Margaret Carter, Clerk

cc:

Linda A. Irving
Edward R. Benjamin, Jr.